IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JESSIE WILLIAMS,

                                                                           OPINION AND ORDER

                    Plaintiff,

                                                                                13-cv-248-bbc

    v.

C.O. JONES and BRAEMER,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Jessie Williams, a prisoner at the Waupun Correctional Institution, has filed a proposed complaint that includes two claims, one from December 2012 about defendant Jones's alleged refusal to give plaintiff his inhaler when he suffered from an asthma attack and one from December 2009 about defendant Braemer's treatment of plaintiff while he was in an observation cell. I cannot allow plaintiff to proceed on either of these claims at this time because his complaint violates Rule 20 of the Federal Rules of Civil Procedure. Under that rule, a plaintiff may not join unrelated claims against different defendants in the same lawsuit. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007). Because plaintiff's two claims involve different incidents and different defendants, they cannot proceed as part of the same lawsuit.

      Plaintiff must choose which claim he wishes to pursue in this case under case no. 13-cv-248-bbc. In other words, plaintiff must pick <u>one</u> claim to pursue in this case, his claim

against defendant Jones or his claim against defendant Braemer. If plaintiff wants to pursue both claims, he will have to do that in separate lawsuits and he will be responsible for paying a second filing fee. (Plaintiff was not required to make an initial partial payment of the filing fee under 28 U.S.C. § 1915(b)(1) because he does not have the means to do so, but he remains responsible for paying the filing fee in installments to the extent that he is able to do so, in this case and any other that he files.)

In addition, plaintiff may be subjected to a separate strike under 28 U.S.C. § 1915(g) for each lawsuit he pursues if the lawsuit is dismissed for failure to state a claim upon which relief may be granted. As plaintiff may be aware, once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying the full filing fee in advance except in very narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, plaintiff may choose to dismiss the other claim voluntarily. If he chooses this latter route, he will not owe additional filing fees or face a strike for the claim he dismisses. Any claim dismissed voluntarily would be dismissed without prejudice, so plaintiff would be able to bring it at another time, so long as he files it before the statute of limitations has run.

Because it is not clear at this time which of his claims he will pursue, I have not yet decided the merits of plaintiff's claims or determined whether the allegations satisfy the pleading standards in Rule 8 of the Federal Rules of Civil Procedure. Once plaintiff identifies the claim or claims he wants to continue to litigate, I will screen the complaint as required under 28 U.S.C. §§ 1915(e)(2) and 1915A. Because plaintiff faces filing fees and

potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

ORDER

IT IS ORDERED that

1. Plaintiff Jessie Williams may have until July 2, 2013, to tell the court whether he wishes to proceed with his claim against defendant Jones *or* his claim against defendant Braemer under the number assigned to this case. Plaintiff must pick one and only one of these claims to proceed under case no. 13-cv-248-bbc.

2. Plaintiff may have until July 2, 2013, to advise the court whether he wishes to (1) pursue the other claim under a separate case number; or (2) dismiss the other claim without prejudice so that he may file it at a later date.

3. If plaintiff dismisses the other claim voluntarily, he will not owe a second filing fee. If he chooses to pursue the other claim, he will owe a separate $350 filing fee and will be assessed another initial partial payment.

4. If plaintiff fails to respond to this order by July 2, 2013, I will enter an order dismissing the lawsuit as it presently exists without prejudice for plaintiff's failure to

prosecute it.

Entered this 18th day of June, 2013.

                                         BY THE COURT:
                                         /s/
                                         BARBARA B. CRABB
                                         District Judge